### IN THE UNITED STATE DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SARAH ISMAIL | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| VOESTALPINE RAILWAY | ) |
| SYSTEMS NORTRACK, INC. | ) |
| | ) |
| **Defendant** | ) |

## COMPLAINT

### I.  JURISDICTION

1. This is a suit authorized and instituted pursuant to the Act of Congress known as a Title VII of the Civil Rights Act of 1964, As Amended.  Sarah Ismail ("Ismail") is an individual who seeks declaratory, injunctive, back pay, front pay, compensatory damages, punitive damages, and other relief to redress deprivation by Defendant of his right to be free of discriminatory employment practices.

2. The discriminatory employment actions complained of herein were committed within the State of Alabama.

### II. ADMINISTRATIVE EXHAUSTION

3. Sarah Ismail filed a Charge of Discrimination (420-2020-01695) with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant Voestalpine Railway Systems Nortack, Inc. within 180-days

of the last discriminatory act. On June 04, 2021, the EEOC issued a "Dismissal and Notice of Rights" to Ismail and files this lawsuit less than ninety (90) days after receiving her Notice of Right to Sue.

### III.  PARTIES

5. Plaintiff, Sarah Ismail is a female former resident of the State of Alabama who now lives in Long Island City, New York.

6. Defendant, VOESTALPINE RAILWAY SYSTEMS NORTRAK, INC. (hereinafter "Voest") is an entity subject to suit Title VII of the Civil Rights Act of 1964, As Amended. Defendant employs more than fifteen employees. The division located in Birmingham, Alabama which employed Ismail specializes in the manufacture of rail products.

### III.  FACTS

7. Ismail re-alleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail herein below.

8. In June 2019, after obtaining an engineering degree and completing an internship at Voest during the summer of 2018, Ismail began her employment. Ismail began employment. Her initial assignment was as a designer in the engineering department.

8. Ismail performed her assigned tasks in satisfactory manner.

9. However, Ismail had a series of issues arise during her employment that reflect differences in treatment based on sex. Ismail asked to obtain experience in the production department manufacturing rail and was informed that the male employees were more comfortable working with men. Ismail was denied that opportunity to expand her knowledge base.

10. Ismail further requested more meaningful work assignments in her work area. When other departments shared more challenging work assignments with her, Ismail's supervisor transferred those tasks to male employees.

12. Ismail's physical appearance was also policed in a discriminatory manner. Ismail was given dressing instructions about her hair and clothing. Ismail was supposed to look a certain way to conform to sex biased perceptions about how women should look in the work place. Men were not required to meet a "look" requirement and were not similarly cautioned on their appearances.

13. Ismail also experienced sex based comments which she tried to overlook.

14. Ismail's male engineering counterparts were not subject to strict scrutiny regarding their appearance and were held to different standards.

15. In March 2020, Ismail's employment was terminated without explanation.

V. **CAUSE OF ACTION**

A.    **SEX DISCRIMINATION IN EMPLOYMENT**

16. Ismail experienced sex discrimination with respect to the terms and conditions of her employment which resulted in her termination in violation of 42 U.S.C § 2000e, as amended.

17. Ismail was held to a sex based higher standards of employment than the similarly situated males, including her physical appearance.

18. Ismail's damages and injuries include loss of pay and benefits. Ismail had to further relocate back to New York incurring additional expenses. Furthermore, as a result of the treatment she received, Ismail suffered mental anguish, humiliation, embarrassment.

19. The Defendant's discriminatory actions toward Ismail were reckless, malicious, and willful and in violation of Ismail's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff , et seq., Title VII of the Civil Rights Act of 1964, As Amended

2. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the

4

defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

3. Enter an Order to make the Plaintiff whole by granting her appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, punitive damages, liquidated damages, reinstatement and other benefits of employment.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

                              Respectfully submitted,

                              s/Lee Winston
                              Lee Winston
                              Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North Suite 815
Birmingham, AL. 35203
205.482.3551

## JURY DEMAND

Ismail demands a trial by jury.

                              s/Lee Winston